IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLAUDE MCQUEEN, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-1016-WKW-PWG |
| | ) | |
| ALABAMA DEPARTMENT OF TRANSPORTATION, *et al.*, | ) ) | |
| | ) | |
|    Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on a Motion to Dismiss filed by Defendants State of Alabama, Alabama Department of Transportation ("ALDOT"), Jason Boothe, Sharon Ellis, and Mike Griffin (collectively referred to as "Defendants"). Plaintiff Claude McQueen's Second Amended Complaint is the operative pleading. (Doc. 33). Therein, Plaintiff seeks to state federal claims against the Defendants "pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 by and through 42 U.S.C. § 1983, 42 U.S.C. § 1981a, and the Equal Protection Clause of the Fourteenth Amendment." (*Id.* at p. 1).

1

Subject matter jurisdiction over Plaintiff's federal claims is conferred by 28 U.S.C. § 1331.  The parties do not dispute venue or personal jurisdiction, and there are adequate allegations in Plaintiff's Second Amended Complaint to support both. On June 29, 2015, this matter was referred to the undersigned by Chief U.S. District Judge W. Keith Watkins for disposition or recommendation on all pretrial matters. (Doc. 35).  *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

Plaintiff alleges in the Second Amended Complaint that Defendants State of Alabama and ALDOT are subject to suit under § 1983, among other statutes.  (Doc. 33 at ¶¶ 3 and 7).  While Plaintiff does not assert a specific cause of action under § 1983 against the State of Alabama and ALDOT in either Count I or Count II, Plaintiff seeks as part of his prayer for relief a declaratory judgment against all Defendants that their actions violate Title VII, § 1983, and the Equal Protection Clause.  (*Id.* at p. 10).

Out of an abundance of caution, Defendants seek to dismiss Plaintiff's § 1983 claims against the State of Alabama and ALDOT, as alleged in paragraphs 3 and 7 of the Second Amended Complaint as well as the prayer for relief.  (Doc. 39 at pp. 1-2). Defendants contend that the State of Alabama and ALDOT "are absolutely immune from suit under § 1983 under the Eleventh Amendment" and that "the Eleventh

Amendment bars claims for money damages against the State." (*Id.* at p. 2). Plaintiff does not oppose the motion to dismiss to the extent it requests dismissal of his claims pursuant to § 1983 against the State of Alabama and ALDOT. (Doc. 42 at pp. 1-2).[1] Defendants' motion to dismiss (Doc. 39), therefore, is due to be granted based on the reasons articulated in their motion and Plaintiff's non-opposition to same.

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that the Defendants' motion to dismiss (Doc. 39) be **GRANTED** to the extent that the motion seeks dismissal of Plaintiff's § 1983 claims against the State of Alabama and ALDOT, as alleged in paragraphs 3 and 7 of the Second Amended Complaint as well as the prayer for relief.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **March 24, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[1] Plaintiff states that his only concern was that Defendants' motion to dismiss initially appeared to seek dismissal of Plaintiff's Second Amended Complaint in its entirety. However, it is clear that Defendants only seek dismissal of Plaintiff's § 1983 claims against the State of Alabama and ALDOT as alleged in paragraphs 3 and 7 as well as the prayer for relief.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 10th day of March, 2016.

/s/ Paul W. Greene
United States Magistrate Judge